## HENDERSON v CLEVELAND RAILWAY CO

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10672. Decided June 23, 1930

J. DeKaiser and M. C. Harrington, both of Cleveland, for Henderson.

Squire, Sanders & Dempsey, Cleveland, for Railway Co.

SULLIVAN, J.

From an examination of the record it appears that neither plaintiff nor her husband made any observation as to the condition of north or south bound traffic and especially was there no attention paid to the on-coming street car of defendant, proceeding to the north immediately in front of the automobile wherein plaintiff was riding.

The evidence appears to be clear and conclusive that the observation of plaintiff and her husband was confined solely and exclusively to the change from the red to the green light and ignored the peril that was impending by the northward passage of the street car.

When the plaintiff rested her case it is important to note as bearing upon the question as to whether the street car crashed the signal so to speak, that the record is silent as to any negligence on the part of the defendant in entering the intersection with the red light of danger against its passage. As to this vital and material point the record makes no disclosure, but inasmuch as the automobile was struck by the street car before it reached the track, an irresistible deduction which is not tinctured with two viewpoints is that the street car was not only in sight but so close to plaintiff's automobile that before starting from a standing position it could negotiate no more than about eight feet before it was struck by the street car which, before its approaching the intersection, was sounding a warning by beating a gong, and it is well to note that the driver of the automobile in the rear of the car in which plaintiff was riding, was standing immediately behind plaintiff's car waiting for the green light and saw the street car and heard the warning of the gong.

Thus from a reading of all the evidence, the manner and circumstances of the collision appear to us as conclusive evidence about which there can reasonably be but one view, that had plaintiff looked and not confined her observation to the signal light alone, the order which she gave to go ahead would not have been made and the accident would have been averted.

The collision itself speaks more convincingly as to the proximate cause of the accident than any language in the record.

It is the duty of one driving an automobile or controlling it, by suggestions and orders, not only to observe the significance of the signal lights, but to make observation as to the situation of traffic proceeding at right angles and the necessity for this wider range of observation is found in the fact that when the lights change from danger to free passage that vehicles and travelers may not only be enmeshed within the intersection itself but be so close to the danger zone at the intersection that it might be impossible to stop before entering the intersection at the moment of the change in the signals.

The situation is obviously perilous when one depends upon the signal light alone, because the sudden disarrangement of traffic by the change in signal lights produces an emergency and a hazard which cannot with safety be overlooked or ignored.

The observations herein made are based upon the testimony of three witnesses in the two cars that were waiting at the intersection for the safety signal, but more especially was the testimony of plaintiff herself the pivotal point in determining the absence of two viewpoints and the existence of but one and that flowing largely from the collision itself, being the want of the exercise of ordinary care on the part of plaintiff, who, from the record, while she was riding with her husband, who was taking her to her place of employment, was from her own testimony and that of her husband, controlling and guiding the car at the period of peril and emergency.

From an examination of the record as to any charge of negligence against the defendant, we have come to the conclusion that there is no substantive evidence of any character upon this point and consequently we are compelled to come to the conclusion that there is a failure of proof in the record as to any negligence whatsoever, but as to the negligence on the part of plaintiff, it appears clear from the record that there was such negligence by way of the want of exercise of ordinary care as would preclude recovery and in a sentence that act was the order to go forward by limiting observation to the signal light alone and not taking in the range of that territory which constitutes the danger zone and especially the on-coming street car clearing the intersection under what is presumed to be, from the absence of anything in the record to the contrary, compliance with its legal duty.

Our line of reasoning we think finds en-

dorsement in **D. T. & I. Railroad Co. vs. Rohrs, 114 OS. 493; Cleveland Railway Co. vs Goldman, 122 OS. 73.**

Holding these views the judgment of the lower court is hereby affirmed.

Vickery, PJ, and Levine, J, concur.